12-1331-ag
*Mohamed Sifran Mubarack v. Eric H. Holder*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of December, two thousand fourteen.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

---

MOHAMED SIFRAN MUBARACK,

    *Petitioner*,

       v.

                                    No. 12-1331-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

    *Respondent*.

---

FOR PETITIONER:    Hsien Chih Kung, Benjamin B. Xue, Xue & Associates, P.C., New York, NY.

FOR APPELLEE:    Yedidya Cohen, Anthony C. Payne, Office of Immigration Litigation; Stuart F. Delery, Acting Assistant Attorney General; United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals decision is **DENIED**.

Mohamed Sifran Mubarack, a native and citizen of Sri Lanka, seeks review of a March 8, 2012 decision of the Board of Immigration Appeals ("BIA") affirming the January 25, 2010 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Sifran Mubarack*, No. A089 008 802 (BIA Mar. 8, 2012), *aff'g* No. A089 008 802 (Immig. Ct. N.Y. City Jan. 25, 2010) ("BIA Decision"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The well-established standard of review requires that we evaluate whether the BIA's decision is supported by "reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B). The burden of proving eligibility for asylum and withholding of removal rests with the applicant. *See* 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. § 1231(b)(3)(C).

Mubarack first claims that the Sri Lankan government persecuted him on account of the political opinion it imputed to him. Because neither the IJ nor the BIA made an adverse credibility determination, we assume that Mubarack's testimony was credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) ("[I]f no adverse credibility determination is explicitly made, the applicant . . . shall have a rebuttable presumption of credibility on appeal."); *Zaman*, 514 F.3d at 237 n.3.

Pursuant to the REAL ID Act, in order to establish that he was persecuted "on account of" a political opinion, Mubarack must show that the Sri Lankan government's perception of his political opinion, support for the Liberation Tigers of Tamil Eelam ("LTTE"), was "at least one central reason" for his persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Acharya v. Holder*, 761 F.3d 289, 296 (2d Cir. 2014). The persecution may be on account of an opinion imputed to Mubarack by the Sri Lankan government, regardless of whether or not the imputation is accurate. *See Delgado v. Mukasey*, 508 F.3d 702, 706 (2d Cir. 2007).

Mubarack testified that after being abducted by the LTTE, he was arrested by the Sri Lankan military who tortured him at a military base. According to Mubarack, he told the military that he had not supplied diesel to the LTTE, but gave the LTTE money instead, and that he could not identify or locate the camp to which the LTTE had taken him. The military did not believe him, he asserts, and began beating and torturing him for about an hour. Mubarack's testimony continued: At the end of the hour, the military asked Mubarack to identify the LTTE members who abducted

him, and Mubarack responded that he would recognize them if he saw them, but did not know their names or current whereabouts. He was then held and tortured by the military for five days. At the end of the five days, he gave the military the names of three people in his village who, he believed, had a connection to the LTTE, and was then released, with instructions to report to the military camp every week. After his release, Mubarack traveled to Colombo and reported to the military base there, but, upon being summoned by the military back to his home village, he feared he would be killed and so arranged to travel to the United States instead. After Mubarack left Sri Lanka, the army came to his parents' house and threatened them on multiple occasions until his parents went into hiding within Sri Lanka.

The IJ concluded that the Sri Lankan military did not subject Mubarack to past persecution on account of a protected ground, but rather, interrogated him because he had information about the LTTE. The BIA affirmed the IJ's decision, concluding that the government persecuted him as a result of its desire to obtain intelligence information, in light of the fact that the abuse was inflicted upon Mubarack in conjunction with questioning and did not continue after intelligence had been gathered.

In *Matter of S-P-*, a case involving the torture of a Sri Lankan individual by the government after he was detained as a suspected LTTE member, the BIA discussed the difficulty of ascertaining motive and whether "harm was inflicted because of imputed political views rather than a desire to obtain intelligence information." 21 I. & N. Dec. 486, 493 (BIA 1996). In *Matter of S-P-*, the BIA "approved a 'totality of the circumstances' analysis for discerning persecutory motives." *Vumi v. Gonzales*, 502 F.3d 150, 157 (2d Cir. 2007) (quoting *S-P-*, 21 I. & N. Dec. at 494). Persecution based on political opinion is established when there is "direct or circumstantial evidence" that one central reason for the abuse was "an assumption that [the applicant's] political views were antithetical to those of the government." *S-P-*, 21 I. & N. Dec. at 494; *see* 8 U.S.C. § 1158(b)(1)(B)(i).

In the case at bar, the BIA rested its conclusion that there was no nexus to a protected ground on the fact that "[t]he abuse that was inflicted upon [Mubarack] was done in conjunction with questioning as to the whereabouts of LTTE members," Mubarack "was released after giving the names of LTTE members in his village," and "unlike the alien in *Matter of S-P-*, the harm inflicted did not continue after the intelligence had been gathered." BIA Decision at 2. We conclude that these findings are not clearly erroneous. Moreover, these facts distinguish this case from *S-P-*, and suggest instead that the questioning here was aimed at intelligence gathering rather than political persecution. Because substantial evidence supported the BIA's conclusion that Mubarack "does not establish that an imputed political opinion was one central reason that he suffered abuse at the hands of the Sri Lankan military," *id.*, and because, in any event, the evidence

does not compel a contrary conclusion, this claim fails.[1]   8 U.S.C. § 1252(b)(4)(B); *Suzhen Meng v. Holder*, 770 F.3d 1071, 1073 (2d Cir. 2014).

Mubarack's remaining claims regarding a fear of future persecution on account of a protected ground are similarly unavailing.  The IJ and BIA found that the conflict between the Sri Lankan government and the LTTE effectively ended in 2009.  According to the BIA's well-reasoned decision, Mubarack failed to produce sufficient evidence that the Sri Lankan government currently engages in a pattern and practice of persecution against suspected LTTE supporters and also failed to adequately show that it is more likely than not that he would be tortured upon return to Sri Lanka.

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

[1] In light of this determination, Mubarack is not entitled to shift the burden to the government regarding his future persecution claims.  *See* 8 C.F.R. § 1208.16(b)(1)(i).

4